THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAVELER MARINE SERVICES, LLC, <br><br> Defendant. | CASE NO. C21-5140-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion for discovery sanctions (Dkt. No. 25). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

The Court briefly summarized the factual background of this case in a prior order. (*See* Dkt. No. 28.) It will not repeat that information here. Plaintiff now asks the Court to sanction Defendant for failing to produce a deponent, following its notice of a Rule 30(b)(6) deposition. (Dkt. No. 25 at 1.) Specifically, Plaintiff seeks the imposition of at least one of the sanctions available for the willful disobedience of a discovery order. (*See* Dkt. No. 25 at 6–7 (citing Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi), (d)(1)(A)).) Alternatively, Plaintiff asks the Court to order Defendant to pay attorney fees and costs associated with the instant motion. (*See* Dkt. No. 25 at 11.)

If a party fails to attend a Rule 30(b)(6) deposition, after being served with proper notice, the Court may impose sanctions. *See* Fed. R. Civ. P. 37(d)(3) (incorporating sanctions described in Rule 37(b)(2)(A)(i)–(vi)). This ranges from barring evidence supporting claims or defenses, to rendering default judgment against the offending party. *Id.* A terminal sanction, though, requires a showing that the violation was due to "willfulness, fault, or bad faith." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). And the Court must first consider "less severe alternatives." *Id.*[1]

Here, the Court finds that none of the Rule 37(b)(2) sanctions are appropriate. Most importantly, Plaintiff fails to establish that Defendant, in fact, did not attend a scheduled deposition. What Plaintiff has established is that *Plaintiff* cancelled the deposition after Defendant was unresponsive in scheduling it. (*See* Dkt. No. 26 at 17 (e-mail exchange where Plaintiff's counsel noted that the deposition would need to be rescheduled after Defendant informed Plaintiff that the noted date did not work but then failed to provide an alternative date).) While this suggests poor communication and case management efforts on the part of defense counsel, it has not yet risen to the level of sanctionable conduct.[2] Moreover, in light of the parties' recent stipulation continuing the trial date and extending the discovery cut-off, (*see* Dkt. No. 33), which the Court adopted, (*see* Dkt. No. 34), the Court sees no prejudice to Plaintiff from its inability to depose Defendant's Rule 30(b)(6) representative, at least not yet.

Nor does the Court find attorney fees warranted. At the time that Plaintiff elected to move for sanctions, Defendant had already moved to extend the discovery cut-off (a motion Plaintiff

---

[1] The Court considers the following factors in imposing a terminal sanction: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, 2020 WL 1492676, slip op. at 6 (W.D. Wash. 2020) (quoting *Leon*, 464 F.3d at 958 (9th Cir. 2006)).

[2] Although counsel should be cautioned that the Court does not look fondly on efforts to game the discovery process.

1 | inexplicably opposed), and it was pending a decision from the Court. (*See* Dkt. Nos. 21, 22.) So
2 | awarding fees for the instant motion would seem unjust. *See* Fed. R. Civ. P. 37(d)(3).
3 |     For the foregoing reasons, Plaintiff's motion for sanctions (Dkt. No. 25) is DENIED.

5 | DATED this 21st day of June 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE